UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SANG LAN

                                                                                        Case No. 11 CV 2870

                                  Plaintiff,

          - against -                      **Attorney Declaration**

AOL TIME WARNER, INC., THE UNITED STATES
GYMNASTICS FEDERATION d/b/a USA GYMNASTICS,
TIG INSURANCE COMPANY, TIG SPECIALTY
INSURANCE SOLUTIONS,  RIVERSTONE CLAIMS
MANAGEMENT, LLC, TED TURNER, K.S. LIU
(CHINESE NAME  刘国生),  GINA LIU AKA
K.S GINA HIU-HUNG (CHINESE NAME 谢晓虹),
WINSTON SIE (薛伟森),  HUGH MO ( 莫虎）, JOHN
DOES AND JANE DOES # 1 THROUGH 15,  INCLUSIVE

                                  Defendants.
------------------------------------------------------------------- x

      Ming Hai, an attorney duly admitted to practice in the courts of the State of New York, and the Southern District of Federal Court, affirms as follows:

1.    I am an attorney of the Law Office of Ming Hai, PC, attorneys for the plaintiff and am fully familiar with all of the papers and proceedings in this litigation and with all the facts and circumstances set forth.

2.    Plaintiff commenced this action by filing a Verified Complaint on April 28, 2011; and amended it once "as of right" on May 13th, 2011. Thereafter, process was served on defendant Hugh Mo. Process was attempted to be served on defendants KS Liu, Gina Liu husband and wife and their son Winston Sie (the Liu's hereafter) by licensed process server  Guaranteed Subpoena Service, Inc. since May 28th, 2011. However, the

  process server reports that the Liu's has been evading service. Up to present time, no affidavit of service is ready yet.

3. There is no responsive pleading/answer/ motion is served so far by any defendant in this action. There is only one Notice of Appearance filed by defendant Hugh Mo on behalf of himself, and his time to answer has been extended to July 15th, 2011, he has not responded.

4. After the Amended Complaint was filed, new facts were discovered, a voluntary witness Mr. Ping Lu, former physical therapist for plaintiff Sang Lan came forward with crucial new information which was unavailable to us before. See Ping Lu's Affidavit (Exhibit A of the 2nd Amended Complaint). The new facts include but not limited to the following: Mr. Lu witnessed that defendant Winston Sie sexually assaulted plaintiff, a former gymnastic champion of China, who is paralyzed and lives on wheelchair; Hugh Mo was personally involved in the creation and operation of a fund called " Good Will Fund for Sang Lan", which is allegedly misappropriated, mishandled and embezzled by defendants.

5. Therefore, plaintiff would like to amend the complaint once again to conform the pleading to the new facts provided by Mr. Ping Lu. The amendment is limited to defendants Hugh Mo and the Liu's only. The remaining of the complaint as against other defendants is unchanged.

6. Further, we discovered that defendant Winston Sie's correct spelling of his English name should be Winston Sie, formerly misspelled as Wilson Xue in prior complaint. KS Gina Liu should be Gina Liu aka GINA LIU AKA K.S GINA HIU-HUNG. Plaintiff would respectfully request permission from the court to make such corrections of the misspellings.

7. As we have voluntarily dismissed all claims as against Ted Turner by a Notice of Voluntary Dismissal which has been approved by Honorable Sand. We dropped Ted Turner as a defendant from the caption and this 2nd amended complaint.

8. The Rule provide that, "leave shall be freely given when justice so requires" , and refusal to permit amendment is an abuse of discretion in the absence of some justification for the refusal . <u>Foman v. Davis</u> 1962 83 S.Ct. 227, 230,  371  US  178 , 182 .

9. Rule 15 (d) gives the court power to permit to amend pleadings that deals with events and new discoveries that come across parties after the original pleading was filed.

10. If an amendment is offered at a late stage of the case, it may create prejudice to the opposing parties. However, in the instant action, it is in the very early stage of this case; no defendant has served a responsive paper yet. There will be no prejudice to any defendant while justice requires that the new allegations be added to the complaint.

Wherefore, we would respectfully request that the motion be granted in all respects.

Dated: FLUSHING, New York
June 8, 2011

LAW OFFICE OF MING HAI, PC

By: s/ming hai
_____
Ming Hai
Attorneys for Plaintiff
36-09 MAIN ST. SUITE 7B
FLUSHING, NY 11354
(718) 445-9111