```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SANG LAN, <br><br> Plaintiff, <br><br> v. <br><br> AOL TIME WARNER, INC., et al., <br><br> Defendants. | 11 Civ. 2870 (LBS)(JCF) <br><br> MEMORANDUM & ORDER |

SAND, J.

    Plaintiff Sang Lan and remaining Defendants K.S. Liu, Gina Liu, and Hugh Mo object to Magistrate Judge James C. Francis's Report and Recommendation ("R&R"), filed November 21, 2011, which (1) granted Plaintiff leave to amend her complaint, (2) denied Defendants' motion to dismiss for lack of subject matter jurisdiction, (3) granted in part and denied in part Defendants' motion to dismiss for failure to state a claim, and (4) deferred decision on Defendants' motion for sanctions against Lan and her erstwhile attorney, Ming Hai.

    Having reviewed the R&R and parties' objections thereto, we affirm in part and reverse in part.

I.   BACKGROUND

    We assume that the parties are familiar with the facts and the procedural history of this case. The uninitiated reader is directed to the R&R (Dkt. No. 81).

1

Since the R&R was filed, the parties have consented to the dismissal of Defendants' Fed. R. Civ. P. Rule 11 motion against Ming Hai; the motion for sanctions against Lan remains. See Stipulation and Order of Partial Dismissal of Rule 11 Mot. (Dkt. No. 96). Additionally, because Ming Hai's liability is no longer at issue, we reiterate what we stated in our December 14, 2011, Memorandum: having withdrawn as Plaintiff's attorney, Ming Hai has no standing to file documents on Plaintiff's behalf and therefore we disregard his objections to the R&R. (Dkt. No. 84).

II. STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify [it] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The court reviews de novo any portions of a report and recommendation to which a party has objected; all else is reviewed for clear error. Gary Friedrich Enters., LLC v. Marvel Enters., 713 F. Supp. 2d 215, 219 (S.D.N.Y. 2010).

III. DISCUSSION

    a.   Motion to Amend

We agree with Judge Francis that nothing about the Third Amended Complaint ("TAC") "suggests bad faith, undue delay, or dilatory motive," nor do we find that "allowing amendment will cause any prejudice" to Defendants. R&R at 9. In addition, we note that Defendants have not specifically objected to Judge

2

Francis's ruling on this issue. We therefore affirm. Plaintiff is granted leave to amend her complaint.

    b.   <u>Subject Matter Jurisdiction</u>

We also agree with Judge Francis that, assuming Plaintiff's success on the merits, (1) the amount of recovery could exceed $75,000 and (2) complete diversity was achieved upon Plaintiff's dismissal of her claims against Winston Sie. R&R at 11-13. This, too, was unchallenged, and we affirm. Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction is denied.

    c.   <u>Failure to State a Claim</u>

Defendants object to Judge Francis's conclusion with respect to Counts 9, 10, and 13. We examine each in turn.

        i.   <u>Count 9: Breach of Fiduciary Duty</u>

Defendants argue that Plaintiff's breach of fiduciary duty claim—based on Defendants' allegedly unauthorized use of her likeness—must be dismissed as duplicative of her invasion of privacy claim. Defs.' Partial Objection to Ct.'s R&R 4-5. "Two claims are duplicative of one another if they arise from the same facts...and do not allege distinct damages." <u>NetsJets Aviation, Inc. v. LHC Communs., LLC</u>, 537 F.3d 168, 175 (2d Cir. 2008) (citation and internal quotation marks omitted). The issue, then, is whether Plaintiff's breach of fiduciary duty claim arises from the same facts and seeks the same relief as her invasion of privacy claim. We conclude that they do.

In Counts 9 and 13, Plaintiff alleges that Defendants used her image, name, and likeness without her permission. TAC ¶¶ 92, 109-110. While Count 13, for invasion of privacy, is pled in greater detail and includes the additional unsanctioned use of Plaintiff's "voice," the gravamens of both claims are substantially identical. TAC ¶ 109. We therefore dismiss, but grant leave to replead, Plaintiff's claim that Defendants breached their fiduciary duty by using her image, name, and likeness without permission.

### ii. Count 10: Defamation

K.S. Liu contests the holding that the following statement—which he is alleged to have made on the Chinese website Sinovision in January 2011—is defamatory: "San Lan is too lazy, can't get a job. I helped her to get the job at Star TV, through my connections with high rank Chinese government officials, but she lost that job later because she didn't want to do any work." TAC ¶ 30; R&R at 21.

Under New York law, a plaintiff must establish five elements to recover in libel: "1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamation on its face)." Celle v. Filipino Reporter Enters., 209 F.3d 163, 176 (2d Cir. 2000).

4

K.S. Liu argues, first, that his statement was one of opinion, not fact; and second, that Plaintiff has failed to allege special damages. Defs.' Partial Objection 10-11.

We are satisfied, at this stage of the litigation, that K.S. Liu's statement that Plaintiff lost her job at Star TV because she was "lazy" can reasonably be construed as a statement of fact—even if, arguably, K.S. Liu's more generalized statement that Plaintiff is "too lazy" is best construed as one of opinion. Applying the New York Court of Appeals' test, as quoted in Celle, we find that K.S. Liu's statement "has a precise meaning," can be "objectively characterized as true or false," and—in the light of the context of the publication—does not necessarily "signal to readers...that what is being read...is likely to be opinion, not fact." Celle, 209 F.3d at 178-179 (citation omitted). Therefore, we conclude that at least part of K.S. Liu's allegedly defamatory statement can be properly read as fact, not opinion.

Defendants are, however, correct that "in order to prove defamation under New York law, a plaintiff must provide evidence of special damages, which consists of the loss of something having pecuniary value." DiFolco v. MSNBC Cable L.L.C., No. 06 Civ. 4278, 2011 U.S. Dist. LEXIS 131506, at *34 (S.D.N.Y. Nov. 9, 2011). A plaintiff need not, however, plead special damages where the statements at issue are libelous per se. Id.

Whether a particular statement is libelous is a question of law to be decided by the court. Shea v. Angulo, No. 93 Civ.

5

4183, 1994 U.S. Dist. LEXIS 3007, at *8 (S.D.N.Y. Mar. 14, 1994). A writing is libelous per se under New York law "if it tends to expose a person to hatred, contempt or aversion, or to induce an unsavory opinion of [her] in the minds of a substantial number of the community, even though it may impute no moral turpitude to [her or]...tends to disparage [her] in the way of [her] office, profession or trade." Bordoni v. New York Times Co., 400 F. Supp. 1223, 1225 (S.D.N.Y. 1975) (citation omitted).

We have no trouble finding, at this stage of the litigation, that K.S. Liu's aforementioned statement meets this requirement. K.S. Liu's statement portrays Plaintiff as lacking an essential character—call it diligence or dedication or industriousness—necessary to the performance of any and all professions or callings, and such statement would certainly injure her in her professional capacity.

In addition, another of K.S. Liu's statements—that "San Lan is so lazy, that she was trained to pee on her own, but she didn't [and] I had to use a tube to assist her to pee"—also meets the requirement of libel per se. TAC ¶ 70. This statement implies that, notwithstanding Plaintiff's paralysis, her need for assistance in micturating was due solely to sheer laziness. That such a statement might "expose [her] to hatred, contempt or aversion, or to induce an unsavory opinion of [her] in the minds of a substantial number of the community" goes without saying.

6

Similarly, we find that other statements, both by K.S. Liu and Gina Liu, state a plausible claim for defamation.

Thus, we affirm the R&R insofar as we grant the motion to dismiss Plaintiff's allegations of defamation against Hugh Mo. The motion to dismiss the remainder of Count 10, charging K.S. Liu and Gina Liu with defamation, is denied.

### iii. Count 13: Invasion of Privacy

We affirm Judge Francis's determination that Plaintiff has made a prima facie showing of invasion of privacy under sections 50 and 51 of the New York Civil Rights Law. Defendants' objections that Plaintiff has failed to show that the use of Plaintiff's image on the CD cover—and her voice on the CD itself—had any quantifiable financial value is misplaced. Plaintiff has alleged that the purpose of the CD was the promotion of Defendants' business and Defendants have failed to present evidence to the contrary. That is all that is required. See Burck v. Mars, Inc., 571 F. Supp. 446, 451 (S.D.N.Y. 2008) (listing elements)

Defendants' motion to dismiss Count 13 is denied.

### d. Motion for Sanctions

Defendants have moved to sanction Plaintiff and her former counsel, Ming Hai, on various grounds: the filing of frivolous claims, that her motion to amend her complaint violated Fed. R. Civ. P. 11, that the pleadings abounded in untruths, and that Hugh Mo was added as a defendant to force him to withdraw as

7

counsel. R&R at 26. As noted, supra, Defendants' have settled their claim with Ming Hai. The issue is whether sanctions against Plaintiff are warranted.

"District courts generally have wide discretion in deciding when sanctions are appropriate." Sanko Steamship Co., Ltd. v. Galin, 835 F.2d 51, 53 (2d Cir. 1987). As Judge Francis made clear, the only plausible ground for sanctions is that "some of the plaintiff's claims are clearly frivolous." R&R at 28.

"An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear...that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995). This is a relatively stringent standard; a weak or unconvincing argument does not warrant sanctions. While some might characterize—and lament—Plaintiff's complaint as an example of "shotgun type...pleading," Austin Theatre, Inc. v. Warner Bros. Pictures, Civ. 96-334, 1957 U.S. Dist. LEXIS 4191, at *2 (S.D.N.Y. Aug. 23, 1957), Defendants have not shown that her claims had "no chance of success."

Defendants' motion to sanction Plaintiff is denied.

IV. <u>CONCLUSION</u>

For the above reasons, Defendants' motion for sanctions against Plaintiff is denied; Defendants' motion to dismiss Count 9 is granted with leave to replead; and Defendants' motion to

8

dismiss Count 10 is granted with respect to Hugh Mo and denied with respect to K.S. Liu and Gina Liu. In all other respects, Judge Francis's R&R is affirmed.

SO ORDERED.

May 9, 2012
New York, N.Y.

                                                                     _____
                                                                             U.S.D.J.