UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANG LAN, | |
| Plaintiff, | 11 Civ. 2870 (LBS) (JCF) |
| v. | MEMORANDUM & ORDER |
| AOL TIME WARNER, INC. et al., | |
| Defendants. | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/13

SAND, J.

Plaintiff's former counsel, Ming Hai, objects to Magistrate Judge James C. Francis's August 13, 2012, Report and Recommendation ("R&R"), which recommended denying Hai's motion to set aside a settlement agreement between Hai and defendants Kao Sung Liu, Gina Hiu-Hung Liu, and Hugh H. Mo ("Defendants"). Having reviewed the R&R and Hai's objections thereto, we adopt the R&R and deny Hai's motion.

I.   BACKGROUND

On July 12, 2011, Defendants moved for sanctions against Plaintiff and her then-attorney Hai, alleging, among other things, that Plaintiff's claims were frivolous. See Mot., July 12, 2011, ECF No. 47; Defs.' Rule 11 Mem. Law, July 12, 2011, ECF No. 49.[1] On October 31, 2011, Magistrate Judge Francis approved Hai's motion to withdraw as Plaintiff's counsel because of an irreconcilable conflict between counsel and attorney. See Sang Lan v. AOL Time Warner, Inc., No. 11 Civ. 2870, 2011 WL 5170311 (S.D.N.Y. Oct. 31, 2011).

---

[1] Winston Sie, also sued as Wilson Xue, also joined in the motion for sanctions, see Mot. 2–3, July 12, 2011, ECF No. 47, but Sie was not part of the settlement discussed in this Order, see Stipulation and Order of Partial Dismissal, Mar. 2, 2013, ECF No. 96. Plaintiff voluntarily discontinued her claims against Sie on June 28, 2011. Notice of Voluntary Discontinuance, June 28, 2011, ECF No. 40.

1

On November 21, 2011, Magistrate Judge Francis issued a report and recommendation that noted that "defendants' most serious ground for sanctions[ is that] some of the plaintiff's claims are clearly frivolous," but that "resolution of the defendants' motion for sanctions should . . . be deferred until the issue of whether all or merely some of the plaintiff's claims are sanctionable has a more conclusive answer." *Sang Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870, 2011 WL 7807290, at *10–11 (S.D.N.Y. Nov. 21, 2011), *adopted in part and rejected in part by* 2012 WL 1633907 (S.D.N.Y. May 9, 2012).

With the threat of sanctions looming over Hai, Hai and Defendants held a settlement conference on February 27, 2012, before Magistrate Judge Francis, in which Hai and Defendants "negotiated and agreed upon all the key terms," including that Hai "pay $5,000 and execute a signed Acknowledgment of Wrongdoing to be prepared by the defendants." R&R 2–3. After Hai wrote to Mo, requesting that Mo reduce the already-agreed-upon figure to $4,000, Hai signed the Stipulation. *Id.* at 3–4. Hai then sent a fax to Magistrate Judge Francis asking for the payment to be reduced to $4,000, but withdrew that request, allegedly under pressure. *Id.* at 4.

The Stipulation stated that only the settlement amount was to be confidential. *See* Stipulation and Order of Partial Dismissal Attachment ¶ 8, Mar. 2, 2013, ECF No. 96 ("With the exception of the Settlement Amount, this Settlement Agreement may be made publicly available and is subject to no restrictions as to Confidentiality."). However, a modified version of the stipulation of dismissal in which the $5,000 figure was unredacted was filed on March 6. R&R 5. Although the settlement amount was redacted shortly thereafter, Hai claims that the $5,000 figure was published widely. *Id.* at 5–6.

On May 9, 2012, we issued an Order that, among other things, denied Defendants' motion for sanctions against Plaintiff with prejudice because "Defendants ha[d] not shown that

her claims had 'no chance of success.'" *Sang Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870, 2012 WL 1633907, at *3–4 (S.D.N.Y. May 9, 2012) (quoting *Morley v. Ciba-Geigy Corp.*, 68 F.3d 21, 25 (2d Cir. 1995)).

The very next day, Hai tried to file a motion to set aside the stipulation he entered into in March to avoid the risk of those sanctions against himself. *See* ECF No. 99. On May 14, 2012, after resolving his difficulties filing, Hai filed a motion to set aside the stipulation and order of dismissal. *See* Mot., May 14, 2012, ECF No. 103. In his affirmation in support of his motion to cancel the settlement agreement, Hai raised four issues:

> (1) The settlement should be rescinded because Defendants published the confidential settlement amount. Hai Affirm. Supp. Mot. ¶¶ 2–5.
>
> (2) There was "misrepresentation" in the negotiation because widespread publication of Hai's admission of fault was not "expected or contemplated in negotiating the settlement." *Id.* ¶¶ 6–9.
>
> (3) The settlement was "was obtained by defendants through undue influences, threats, duress and other prohibited acts" when (a) Defendants threatened bar disciplinary action, (b) provided Hai the documents "in last minute, literally order[ing him] to sign within one hour without change," (c) and threatened Hai when Hai faxed a letter to Magistrate Judge Francis complaining about the settlement he had already signed. *Id.* ¶¶ 10–14.
>
> (4) Finally, the settlement is "unconscionable, contradictory to Judge's Sand's ruling and against public policy," seemingly because we ruled that the misconduct Hai said he committed in the Acknowledgement of Wrongdoing was not sanctionable under Rule 11. *Id.* ¶¶ 15–21.

Even though Hai knew the settlement amount had been disclosed in March, as well as all of the other relevant facts, Hai's May motion was the first time that Hai raised these issues.

We referred Hai's motion to Magistrate Judge Francis. *See* Order, May 14, 2012, ECF No. 102. On June 5, 2012, Magistrate Judge Francis held a telephone hearing. *See* Minute Entry, June 5, 2012. Following briefing by both sides, Magistrate Judge Francis issued a well-reasoned R&R on August 13, 2012. In the R&R, Magistrate Judge Francis held that:

3

- Disclosure of the settlement amount was a material breach, but Hai had waived that breach or, in the alternative, his claim was barred by the election of remedies doctrine. R&R 7–11 & 11 n.3.

- There was no misrepresentation when the public parts of the settlement agreement were publicized more than Hai expected. *Id.* at 11–13.

- Hai waived his undue influence/coercion claims. *Id.* at 13–15. Hai's "coercion-based claims" also fail on the merits because he could not show that he was really under duress or that Mo violated the New York Rules of Professional Conduct. *Id.* at 15–18.

- Additionally, because Hai could not show a violation of the New York Rules on Professional Conduct or any other law, the agreement did not violate public policy. *Id.* at 19–20.

- The agreement was not unconscionable because it was neither procedurally nor substantively unconscionable. *Id.* at 18–19.

- The Acknowledgement of Wrongdoing does not have to be voided because it conflicts with our ruling that sanctions were unwarranted because the Acknowledgement is "an apology from Mr. Hai to the defendants for his conduct, not a statement of law." *Id.* at 20.

In his Objections, Hai now argues that the R&R was incorrect for four reasons:

(1) Hai did not waive recission. Objections ¶¶ 1–14.

(2) Because Mo threatened Hai with sanctions, the agreement should be void as against public policy. *Id.* ¶¶ 15–26.

(3) Magistrate Judge Francis's pressure on Hai to settle constitutes duress or something like duress. *Id.* ¶¶ 8–11, 27–33.

(4) The Acknowledgement is more than an apology and is instead conclusory and incorrect. *Id.* ¶¶ 34–41.

We review the R&R with Hai's Objections and the relevant standard of review in mind.

II.   STANDARD OF REVIEW

A district court reviewing "may accept, reject, or modify in whole or in part" a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The court reviews de novo any portions of a report and recommendation to which a party has objected while all else is reviewed

4

for clear error. *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 219 (S.D.N.Y. 2010).

III. <u>DISCUSSION</u>

    a. <u>Hai Waived the Breach Caused by the Disclosure of the Settlement Amount and Therefore Cannot Obtain Rescission for that Breach</u>

In the R&R, Magistrate Judge Francis held that Defendants materially breached the contract by disclosing the $5,000 figure and that such a breach "irreparably harmed" Hai. R&R 7–8. But Magistrate Judge Francis also held that rescission was unavailable because Hai had waived the breach by waiting more than two months after the disclosure to sue:

> Mr. Hai continued to enjoy this benefit [the dismissal of the defendants' motion for sanctions] and did not protest the defendants' disclosure of the settlement amount for over two months, until, apparently emboldened by Judge Sand's decision denying sanctions against Ms. Lan, Mr. Hai concluded that he too was no longer at risk for sanctions as a matter of law, and thus, no longer needed the benefit he had bargained for and accepted from the defendants over the course of the preceding nine weeks. . . .
>
> By continuing to perform his obligations under and accept the benefit of the agreement, rather than promptly exercising his right to rescind in light of the defendants' known breach, Mr. Hai waived, and is now estopped from asserting, his claim for rescission on that basis.

R&R 10–11.

"A valid waiver 'requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable.' It may arise by either an express agreement or by such conduct or a failure to act as to evince an intent not to claim the purported advantage." *Golfo v. Kycia Assocs., Inc.*, 845 N.Y.S. 2d 122, 124 (App. Div. 2007) (citations omitted) (quoting *Nassau Trust Co. v. Montrose Concrete Prods. Corp.*, 436 N.E.2d 1265, 1269–70 (N.Y. 1982)); *see also In re Vargas Realty Enters., Inc.*, 440 B.R. 224, 235 n.4 (S.D.N.Y. 2010). Hai argues that his inaction for two months does not constitute waiver under

5

New York law because it was merely silence or inaction. *See* Objections ¶¶ 6, 13. Although it has been repeatedly held that *mere* silence or inaction constitutes waiver because they are insufficient to show an intent to waive, *see, e.g., EchoStar Satellite L.L.C. v. ESPN, Inc.*, 914 N.Y.S.2d 35, 39 (App. Div. 2010) ("[M]ere silence or inaction . . . are insufficient to establish an intent to waive a known right."); *Comvest Consulting, Inc. v. W.R.S.B. Dev. Co., LLC*, 698 N.Y.S.2d 807, 808 (App. Div. 1999) (mem.) ("The waiver defense is inapplicable because there is no indication that plaintiff voluntarily and intentionally relinquished its rights to the commission, and a waiver is not effected by mere silence, delay or inaction."), silence and inaction do create an implied waiver, where, as here, there is "proof that there was a voluntary and intentional relinquishment of a known and otherwise enforceable right," *Golfo*, 845 N.Y.S. 2d at 124. Indeed, where, as here, "a party to a contract asserts a right to rescind for fraud or breach of contract . . . [,] there can be no rescission where the breach of contract or fraud has been waived by the party who has been wronged; and, as matter of law, right to rescind must be exercised promptly after the injured party learns of the wrong. Acceptance of benefit under the contract with knowledge of the wrong constitutes a waiver of the wrong." *N.Y. Tel. Co. v. Jamestown Tel. Corp.*, 26 N.E.2d 295, 297–98 (N.Y. 1940), *quoted with approval in N.Y. State Ins. Fund v. Mount Vernon Fire Ins. Co.*, 371 F. App'x 207, 211 (2d Cir. 2010) (summary order).

Here, there are at least two facts that make it abundantly clear that Hai voluntarily and intentionally relinquished his right to have the $5,000 figure be kept confidential.[2] First, for two months, Hai was aware that the settlement amount had been made public,, but instead of trying to rescind the contract on that ground, Hai continued to enjoy relief from the risk of Rule 11

---

[2] Additionally, Mo claims that Hai approved the submission of the page with the unredacted stipulation, *see* Defs.' Mem. Law 10, ECF No. 108; Mo Aff. Ex. E, ECF No. 109, although this could be chalked up to Hai's oversight or his belief that Mo would subsequently redact the figure, per their agreement, *see* Hai Reply Affirm. ¶¶ 13–14 (arguing that it was Mo's burden to redact).

sanctions. Second, in his Objections, Hai admits he kept silent because he thought he would lose. *See* Objections ¶¶ 6-7, 10-11. Indeed, Hai admits that he only decided to seek rescission when he saw the sanctions against Plaintiff were denied:

> Judge Sand's May 9th 2012 decision . . . indeed "emboldened" me because I saw hope in the fair administration of law; I regained trust and confidence in our Court system. Before that, I was drowning in depression, taking medicines, seeking therapy and religious help.

Objections ¶ 11. By Hai's admission, then, his motivating factor was that he no longer needed protection from the risk of sanctions, not the disclosure of the settlement amount. Based on the above, Hai's silence was not the type of "mere" silence that could be the result of ignorance of the breach or any other unintentional lapse. Hai clearly had no intent of raising this issue until our Order removed the risk that Hai thought he had to pay to eliminate.

  b. <u>Mo's Threatening Hai with Sanctions Does Not Make the Settlement Violate Public Policy</u>

In his Objections, Hai again argues that Mo's threats to file a grievance against Hai before the bar's disciplinary committee makes the settlement violate public policy. Hai asserts that Mo threatened Hai with a grievance "verbally and in writing, in front of Judge Francis during the settlement conference and thereafter." Objections ¶ 15. As Magistrate Judge Francis noted, the threats that were made after Hai already agreed to the terms of the settlement at the settlement conference have no bearing on Hai's bargaining power when he entered into the agreement. *See* R&R 17-18. Similarly, post hoc threats would not make the settlement voidable.

With regard to threats made before Hai agreed to settle, as Magistrate Judge Francis noted, Hai was unable to point to any controlling New York law that holds that threatening disciplinary action renders the settlement void. *See* R&R 16 ("Tellingly, Mr. Hai does not cite to any controlling authority in support of his argument . . . ."). Instead, the relevant rule only

7

prohibits lawyers from "present[ing], participat[ing] in presenting, or threaten[ing] to present criminal charges solely to obtain an advantage in a civil matter." N.Y. Jud. Law app. Rules of Professional Conduct § 3.4(e); *see also* R&R 16–17 (construing an older version of the rule and quoting N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Op. No. 772, 2003 WL 23099784, at *4 (Nov. 14, 2003)). In his Objections, Hai continues to press the argument that bar disciplinary hearings are so like criminal proceedings or administrative proceedings that they trigger New York's rules. Despite any similarities, disciplinary charges are not criminal charges. Also, Hai did not show that threatening to pursue administrative action violates any New York law. Therefore, Hai's argument fails.

        c.      <u>Hai Waived His Argument that Magistrate Judge Francis Put Him in Duress</u>

Hai raised his argument that Magistrate Francis somehow put him in duress for the first time in his reply brief before Magistrate Francis. *Compare* Hai Affirm. Supp. Mot., *with* Hai Reply Affirm. ¶¶ 18–44. Therefore, we do not consider that argument. *See, e.g., Phoenix Ins. Co. v. APF Fire Prot., Inc.*, Nos. 08 Civ. 7935 & 02 Civ. 8728, 2011 WL 2802930, at *1 (S.D.N.Y. July 14, 2011) (denying consideration of an argument raised for the first time in a reply brief before the magistrate judge).

        d.      <u>Whether Hai's Statements in the Acknowledgement of Wrongdoing Are Correct Is Irrelevant</u>

Before Magistrate Judge Francis, Hai argued that the settlement should be rescinded because Hai's Acknowledgement of Wrongdoing was contrary to our Order denying Defendants' motion for sanctions against Plaintiff. Magistrate Judge Francis explained that "the Acknowledgment of Wrongdoing is an apology from Mr. Hai to the defendants for his conduct, not a statement of law. Accordingly, it is not legally inconsistent with Judge Sand's subsequent ruling." R&R 20.

8

In his Objections, Hai argues that "the Acknowledgement of Wrongdoing is actually a statement of legal conclusion by the parties, which turns out to be wrong and contradictory to the findings and conclusions of law by Judge Sand." Objections ¶ 37; *see also id.* ¶ 12 ("[T]he Statement of Wrongdoings . . . is in conflict with Judge Sand's decision as a matter of law."). This argument prompts the question, "So what?"

The accuracy of what Hai contracted to admit to is of no particular legal consequence. If Hai agreed to sign an Acknowledgment in which he stated he believed that the Earth was flat, he could not later rescind the contract because the Acknowledgement contained a falsehood. Hai should have weighed any doubts he had about the Acknowledgement's accuracy before agreeing to sign it. Instead, Hai contracted to make the Acknowledgement. Then Hai made the Acknowledgement. And now he must live with it.

Broadly speaking, it appears that Hai is trying to undo the settlement because his original litigation position now appears to be vindicated. It is not unusual for parties to agree to settlements when, in their heart of hearts, they believe the other side has an unmeritorious position. Similarly, it is not unusual for parties to reach settlements only to find that, after later or parallel litigation, they would have had a better outcome had they fought rather than compromised. *Cf. Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was incorrect.").

In general, parties settle when the settlement payment is worth less to the settlor than a combination of the costs of litigation plus the risks of defeat. *See* Samuel Issacharoff, *The Content of Our Casebooks: Why Do Cases Get Litigated?*, 29 Fla. St. U. L. Rev. 1265, 1267–68 (2002) (describing this basic model of settlement). Here, Hai entered into the settlement at issue,

9

suggesting he believed that paying $5,000 and signing the Admission of Wrongdoing were cheaper to him than the expected cost of Rule 11 sanctions multiplied by the risk he would lose plus the costs of fighting the Rule 11 motion. That the probabilities have since changed and therefore the monetary cost of the settlement and its attendant reputational costs from the Acknowledgement of Wrongdoing now outweigh the benefits to Hai also does not affect the legal validity of the contract. Although this should be self-evident, one only need imagine what would have happened had Hai agreed to pay the settlement with a certain number of shares of stock, but the value of the stock increased after the stock was pledged. In such a situation, we would not make Defendants return the shares. Similarly, if our order had sanctioned Plaintiff, Defendants could not have secured an order from us making Hai pay even more in his settlement.

For the reasons stated above and in the R&R, Hai's motion to rescind the settlement must be denied.

e.   This Litigation Has Been Too Ugly

Finally, we want to briefly note that the tactics used in this case are among the ugliest we have encountered, as the attorneys have continued to attack each other rather than resolve the underlying dispute.

We have no interest in tallying up who did what and recounting events gone by, but we think Hai's hyperbole on the issue of waiver cannot go without comment. Explaining why he did not raise an objection to the breach that occurred when the settlement amount was publicly disclosed, Hai wrote:

> I come from China, knowing very well that silence is gold in time of trouble. But silence is not consent or waiver. When people feel powerless or lost faith in the Judge, they often keep silence. When Nazi Germany killed millions of civilians, the civilians remained silent, because they did not have the power or "bold" enough to fight

> back. When a rapist overpowered his victim and raped her, can he turn around and say to her "you waived your rights, because you were silent and did not fight back"?

Objections ¶ 7. Hai's analogizing himself to Holocaust and rape victims in this situation is, to put it euphemistically, inept and inappropriate. *See Moore v. Liggins*, 685 N.E.2d 57, 66 (Ind. Ct. App. 1997) ("Whatever potential value such analogies might have had is overwhelmed by their inflammatory phrasing and their lack of support and development."). Hai made other problematic statements in this motion alone, *see, e.g.*, Hai Reply Affirm. ¶ 15 (comparing himself to an actress who committed suicide); ¶ 42 (arguing that, for some reason, a different outcome should result because "this case has been closely watched by the admiring eyes of 1.4 billions Chinese in China and around the world through thousands of Chinese media reports"), and Hai's attempt to slip out of this deal does not look good. We think it would benefit Hai to consider whether such tactics, including bombastic and clearly exaggerated assertions, seemingly unfounded recriminations, and attempts to alter agreed-upon contractual obligations, are the best way to conduct his affairs going forward.

## IV. CONCLUSION

Any other argument made by Hai is meritless. There are no clear errors in the parts of the R&R to which Hai did not object. For the above reasons, we adopt Judge Francis's R&R and Hai's motion to set aside the Stipulation is DENIED.

SO ORDERED.

April 30 2013
New York, N.Y.

*/s/ Leonard B. Sand*
U.S.D.J.