USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANG LAN,

                  Plaintiff,

-against-

TIME WARNER, INC., KAO-SUNG LIU A/K/A K.S. LIU, GINA HIU-HUNG LIU A/K/A HUI-HUNG SIE A/K/A GINA LIU, Individually and as Trustees or Managers of Goodwill for Sang Lan Fund, HUGH HU MO, JOHN AND JANE DOES 1–30, Unknown Defendants, Jointly and Severally,

                  Defendants.

11 Civ. 2870 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    In this action, Plaintiff, Sang Lan, alleges various claims against defendant Time Warner, Inc. ("Time Warner") and defendants Kao-Sung Liu, Gina Hiu-Hung Liu (together, the "Lius"), and Hugh Hu Mo ("Mo," and collectively with the Lius, the "Individual Defendants"). Time Warner and the Individual Defendants separately move to dismiss the Fourth Amended Complaint ("4th Am. Compl."), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    On April 19, 2013, Magistrate Judge James C. Francis, IV issued a report and recommendation (the "R&R"), which recommends (1) granting Time Warner's motion, and (2) granting in part and denying in part the Individual Defendants' motion as follows:

> the Individual Defendants' motion to dismiss [should] be granted with respect to Count Five (Accounting as to Other Property); Count Six (Unjust Enrichment) to the extent that it pertains to the "Other Property"; Count Seven (Conversion) to the extent that it pertains to insurance proceeds; Count Eight (Breach of Fiduciary Duty against the Lius); Count Nine (Breach of Fiduciary Duty against Mr. Mo); Count Ten (Defamation) to the extent that it pertains to the statements set out in the Fourth Amended Complaint, ¶ 185(c)&(d), and the document (and its translation) attached to the Fourth Amended Complaint as part of Exh. M (the translation begins, "Sang Lan got injured and paralysis at Goodwill Games held in New York in 1998"); and Count Twelve (Cyberharassment). The

motion should be denied in all other respects.

*Id.* at 65, ECF No. 140.

Having reviewed Plaintiff's objections, the recommended dismissal of all claims against Time Warner is affirmed. As to the Individual Defendants, the recommendations are affirmed in part and denied in part.

## BACKGROUND

The Court assumes that the parties are familiar with the facts and procedural history of this case, as set forth in the R&R. ECF No. 140. The Goodwill for Sang Lan Fund, to which the Lius served as trustees and managers and to which Mo and his law firm provided legal and professional assistance, is referred to as the "Fund." *See id.* at 4-5.

## DISCUSSION

### I. Legal Standard

#### A. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify [it] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The court reviews de novo any portions of a report and recommendation to which a party has objected; all else is reviewed for clear error. *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 219 (S.D.N.Y. 2010).

#### B. Pleading Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the

2

complaint, but must assert "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2). On a 12(b)(6) motion, a district court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, documents possessed by plaintiffs, or documents that plaintiffs knew about and relied upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). A district court considering a Rule 12(b)(6) motion must accept all factual allegations in the complaint as true, while also drawing all reasonable inferences in favor of the nonmoving party. *ATSI Commc'ns, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007).

II. Claims Against Time Warner

    A. Breach of Contract

The Court agrees with Judge Francis that Plaintiff has failed to state a claim for breach of contract against Time Warner. R&R 10-13, ECF 140. Under New York law, "before the power of law can be invoked to enforce a promise, it must be sufficiently certain and specific so that what was promised can be ascertained." *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (1981); *Sardis v. Frankel*, 113 A.D.3d 135, 146 (N.Y. App. Div. 2014) ("[T]he requirement of definiteness [is] necessary both to permit a proper remedy to be fashioned upon breach and . . . to ensure that a contractual obligation is not implied where the parties have not intended to be conclusively bound.") (citations omitted). Here, the complaint identifies several statements made "through the media and in press releases" in which Time Warner officials made general promises that "Sang Lan's future is secured" and that her family "won't have to worry about digging into their pockets to help their daughter in any way." 4th Am.

3

Compl. ¶¶ 85-88, ECF No. 119. Beyond this, the complaint fails to allege any more certain and specific terms that were communicated by Time Warner to Plaintiff or her fiduciaries, either directly or through public statements. Indeed, elsewhere in the complaint, Plaintiff alleges that "as Fiduciaries, the Lius or Mo did not fulfill or discharge their fiduciary duty to diligently follow through with Time Warner, to work out the specifics of the oral contract or agreement with Time Warner to secure Sang Lan's future." 4th Am. Compl. ¶ 168. Thus, Plaintiff's allegations lack the necessary specificity as to the form, frequency, and amount of payment and are too indefinite to create an enforceable contract. *See Yedvarb v. Yedvarb*, 655 N.Y.S.2d 84, 85 (App. Div. 1997) ("[T]he alleged promise by the defendant to 'always take care of' the plaintiff, which contained no specifics as to the form, frequency, and amount of payment, was too vague to spell out a meaningful promise."); *Sud v. Sud*, 621 N.Y.S.2d 37, 38 (App. Div. 1995) (finding contract claim "too vague and indefinite, and therefore unenforceable, for plaintiff's failure to allege, in nonconclusory language, as required, the essential terms of the parties' purported contract, including . . . the amount of financial support which defendant . . . [was] required to provide or the length of time during which that support had to be provided."); *In re Estate of Kittay*, 500 N.Y.S.2d 6, 6 (App. Div. 1986) (holding that an oral promise to "take care of" and "support" the petitioner for the rest of her life was too vague to be enforceable). Nor has Plaintiff pleaded sufficient facts to supply the terms of an implied-in-fact contract. *See Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (holding that, because communications identified by plaintiffs did not contain "sufficient specific, concrete, factual representations such that they could be interpreted to supply the terms of an implied contract, [p]laintiffs have failed to state a cause of action").

Moreover, as discussed below, this claim is barred under the statute of limitations. Time

Warner's motion to dismiss the breach of contract claim is GRANTED.

  B. Promissory Estoppel

  The Court agrees with Judge Francis that Plaintiff has failed to state a claim for promissory estoppel. R&R 13-14, ECF 140. "In New York, promissory estoppel has three elements: a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained by the party asserting the estoppel by reason of the reliance." *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995) (citations and internal quotation marks omitted). As with her contract claim, Plaintiff has not pleaded a clear and unambiguous promise and has, therefore, failed to state a cognizable claim.

  Moreover, this claim is barred under the statute of limitations. Time Warner's motion to dismiss the promissory estoppel claim is GRANTED.

  C. Undertaking and Reliance

  The Court agrees with Judge Francis that Plaintiff has failed to state a claim for "undertaking and reliance." R&R 14-16, ECF 140. "One who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully if he acts at all." *Suthers v. Amgen Inc.*, 441 F. Supp. 2d 478, 489 (S.D.N.Y. 2006) (quoting *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160 (N.Y. 1928) (Cardozo, J.)). "To establish a cause of action for violation of an assumed duty, the plaintiff must show (1) that the plaintiff reasonably relied on the defendant's assumption of a duty and (2) that the defendant's conduct "placed [the] plaintiff in a more vulnerable position than [the] plaintiff would have been in had [the] defendant done nothing." *Wendy Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 94 (E.D.N.Y. 2000) (citation and internal quotation marks omitted), *aff'd sub nom. Wu v. Dunkin' Donuts, Inc.*, 4 F. App'x 82 (2d Cir. 2001). According to Plaintiff, Time Warner assumed a duty by

publicly promising to provide financial support to "secure Plaintiff's future." 4th Am. Compl. ¶¶ 256-60. Plaintiff alleges that she relied on this assumed duty and was damaged by that reliance. *Id.* at ¶¶ 261-62.

Plaintiff's allegations cannot satisfy either element necessary to establish a violation of an assumed duty. First, Plaintiff has not pleaded facts that could establish her reliance on Time Warner's conduct was reasonable. *See id.* at ¶¶ 256-64. Plaintiff has alleged no contact between Time Warner representatives and either Plaintiff or her fiduciaries, and Plaintiff admits that her fiduciaries failed to negotiate the details of any alleged agreement for her care. 4th Am. Compl. ¶¶ 168, 236. Reliance based solely on vague and indefinite statements made through the media is not reasonable. *Heard v. City of New York*, 82 N.Y.2d 66, 67 (N.Y. 1993). ("Defendant must have imparted the information under circumstances and in such a way that it would be reasonable to believe plaintiff will rely upon it; plaintiff must rely upon it in the reasonable belief that such reliance is warranted.") Moreover, Time Warner began withdrawing its alleged support to Plaintiff no later than June 3, 1999, and any reliance beyond that point is not reasonable. *See* Bill Egbert, *Injured Gymnast: Turner Reneged*, N.Y. DAILY NEWS, June 3, 2011, 4th Am. Compl. Ex. J, ECF No. 119-2 (hereinafter, "N.Y. Daily News Article").

Second, the complaint does not articulate how Time Warner placed Plaintiff in a more vulnerable position than if it had done nothing. By providing for Plaintiff's care and medical assistance, Time Warner did not diminish Plaintiff's legal right to file suit. Because Time Warner began to withdraw its alleged support by June 3, 1999, at the latest, and because Plaintiff ceased being a minor on June 11, 1999, it could not be said that Time Warner's alleged support prevented Plaintiff from filing a timely cause of action. 4th Am. Compl. ¶ 12; N.Y. Daily News Article; *see also* N.Y. C.P.L.R. § 105(j) (stating that person who has not attained age of 18 is

6

"infant"); N.Y. C.P.L.R. § 208 (tolling statutes of limitations until a plaintiff is no longer an infant).

Accordingly, Plaintiff has not stated a cause of action for violation of an assumed duty. Moreover, this claim is barred under the statute of limitations. Time Warner's motion to dismiss the undertaking and reliance claim is GRANTED.

D. Statute of Limitations

The Court agrees with Judge Francis' conclusion and analysis regarding the statute of limitations as it applies to the claims against Time Warner. R&R 17-19, ECF No. 140. The last date that Plaintiff's contract and quasi-contract claims were timely was in June 2005, six years after her eighteenth birthday, at which time Plaintiff had knowledge that Time Warner had reneged on any alleged commitment to support her. 4th Am. Compl. ¶ 12; N.Y. Daily News Article; *see also Abdrabo v. State of N.Y.-Worker Comp. Bd.*, 03 Civ. 7690 (DLC), 2005 WL 1278539 (S.D.N.Y. May 27, 2005) (six year statute of limitations for contract and quasi-contract claims); N.Y. C.P.L.R. §§ 105(j), 208, 213(2). The last date that Plaintiff's tort claim for undertaking and reliance was timely was in June 2002, three years after her eighteenth birthday. *Mancuso v. Kaleida Health*, 100 A.D.3d 1468, 1469 (4th Dep't 2012); N.Y. C.P.L.R. § 214. The Court has considered Plaintiff's remaining arguments and finds them to be without merit.

III. Claims Against the Individual Defendants

Plaintiff objects to Judge Francis' conclusions with respect to Counts 5, 6, 7, 8, 9, 10, and 12. The Court addresses each in turn.

A. Accounting of Other Properties (Count Five)

"The equitable remedy of an action for an accounting is available in favor of a principal when, and only when, the nature of the agency transactions to be accounted for involve fiduciary

7

features, in addition to the existence of the bare relationship of principal and agent." *See* 3 Am. Jur. 2d Agency § 303 (2014) (citations omitted). "The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings." *Stevens v. St. Joseph's Hosp.*, 52 A.D.2d 722, 723 (N.Y. App. Div. 1976) (citations omitted). The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings." *Bouley v. Bouley*, 19 A.D.3d 1049, 1051 (N.Y. App. Div. 2005) (citations omitted). Here, the operative complaint states that "[f]rom 1998 through April 2011, the Lius held themselves out and acted as exclusive agents for Plaintiff." 4th Am. Compl. ¶ 270. Plaintiff further alleges that the Lius "controlled all aspects of Plaintiff's affairs, matters, money, insurance claims, benefits, medical supplies and equipment." *Id*. Plaintiff also describes the Lius as her "guardians" and "handlers" and alleges that they "carried with them the fiduciary duty and responsibility to take care of [Plaintiff's] affairs with care, diligence and the upmost loyalty, fidelity, and integrity." *Id.* at ¶¶ 102, 145-65. Finally, Plaintiff has alleged that she is owed an accounting, which the Lius have refused to provide. *Id.* at ¶¶ 271-74. Plaintiff has sufficiently pleaded the existence of a fiduciary relationship with respect to the "other property" entrusted to the Lius. Although Plaintiff returned to China in 1999 and received medical care there, R&R 25, the Court cannot determine from the pleadings whether the alleged fiduciary relationship as to Plaintiff's property, medical supplies, and insurance money ended at that time, rather than in 2011 as Plaintiff alleges, R&R 29.

Plaintiff has alleged sufficient facts for her accounting claim regarding the "other property" to survive a motion to dismiss. At a future stage of this litigation, the Individual

8

Defendants may be able to show that Plaintiff's claim is time-barred, as facts about the Liu's duties to Plaintiff replace the pleaded allegations. The Individual Defendants' motion to dismiss this claim is DENIED.

### B. Unjust Enrichment (Count Six)

There are three elements to a claim of unjust enrichment under New York law: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 436 (S.D.N.Y. 2012) (internal quotation marks omitted). "[C]auses of action to recover damages for unjust enrichment . . . start[] to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*, 192 A.D.2d 501, 502 (N.Y. App. Div. 1993). "[T]he limitations period for claims arising out of a fiduciary relationship does not commence until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." *Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001) (applying fiduciary accrual rule to unjust enrichment claim where plaintiff and defendant had fiduciary relationship). With respect to Plaintiff's unjust enrichment claim as it relates to the Fund, Plaintiff has adequately alleged that the Lius owed her fiduciary duties through July 2008 when the Lius delivered the alleged balance and repudiated the fiduciary relationship. 4th Am. Compl. ¶¶ 102, 145-65, 277-78. This claim for monetary relief is sufficiently pleaded and not barred under the statute of limitations. *See Grynberg v. Eni S.p.A.*, 06 Civ. 6495 (RLC), 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007) ("New York courts have held that [unjust enrichment] claims are governed by either a three-year statute of limitations when monetary relief is sought or a six-year statute of limitations when equitable relief is sought."). With respect to Plaintiff's

9

unjust enrichment claim as it relates to the other property, Plaintiff, as noted above, has sufficiently pleaded the existence of a fiduciary relationship that continued through April 2011. *See* 4th Am. Compl. ¶¶ 102, 145-65, 278. Plaintiff also alleges that she has been denied possession of this property and that the Lius benefited as a result. *Id.* at ¶¶ 279-81.

Plaintiff has stated a cause of action for unjust enrichment with respect to both the Fund and the other property. Again, the Individual Defendants may be able to show that Plaintiff's claim as it relates to this property is time-barred during a future stage of this litigation. The Individual Defendants' motion to dismiss this claim is DENIED.

C. Conversion (Count Seven)

Plaintiff only challenges Judge Francis' recommendation as it relates to the claim of conversion of insurance proceeds. Pl. Resp. 29, ECF No. 146; R&R at 34. Under New York law, "[c]onversion is an unauthorized assumption and exercise of ownership rights over the property of another in defiance of the owner's rights." *Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883 (N.Y. App. Div. 1982). "Money can be the subject of such a claim, but must be specifically identifiable and segregated." *Cadogan Mgmt., LLC v. Wright*, 38 Misc. 3d 1231(A), at *7 (N.Y. Sup. Ct. 2011). Judge Francis correctly noted that the complaint fails to identify any specific insurance policies and fails to name any fund or trust into which such proceeds were deposited. R&R at 34 (citing *Massive Paper Mills v. Two-Ten Corp.*, 669 F. Supp. 94, 96 (S.D.N.Y. 1987)); *see also* 4th Am. Compl. ¶¶ 270-71. Plaintiff's objection that she only seeks insurance proceeds to the extent they were deposited into the Fund is misguided. Pl. Resp. 29, ECF No. 146. The R&R indicates, and this Court agrees, that the Plaintiff has properly alleged a cause of action for conversion with respect to the contents of the Fund. R&R at 33-34. Thus, to the extent insurance proceeds were deposited in the Fund, those proceeds are

10

already recoverable. To the extent Plaintiff alleges conversion of any additional insurance proceeds, the complaint lacks the required specificity. The Individual Defendants' motion to dismiss this claim is GRANTED only as to insurance proceeds not deposited to the Fund.

### D. Breach of Fiduciary Duty Against the Lius (Count Eight)

"Under New York law, the elements of a cause of action for breach of fiduciary duty are: '(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom.'" *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 101 (S.D.N.Y. 2013) (quoting *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011)). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 101 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). "[T]he proponent of a claim for a breach of fiduciary duty must, at a minimum, establish that the offending parties' actions were 'a substantial factor' in causing an identifiable loss." *Gibbs v. Breed, Abbott & Morgan*, 271 A.D.2d 180, 189 (N.Y. App. Div. 2000) (citation omitted).

Plaintiff claims that the Lius owed her a duty because they allegedly "controlled all aspects of Plaintiff's affairs, money, medications and medical supplies and communications with her doctors, insurance company and other vital support organizations." 4th Am. Compl. ¶ 301. As Judge Francis has recognized, Plaintiff asserts five breaches of fiduciary duty against the Lius:

> (1) failure to keep accurate account of the Fund;
> (2) failure to follow through with financial plans with Time Warner;
> (3) failure to account for profit related to the alleged invasion of privacy;
> (4) failure to register the Fund; and
> (5) misappropriating the Fund.

11

R&R 38, ECF 140. With respect to the losses allegedly suffered as a result, Plaintiff states that she "suffered economic damages and the Lius gained the advantage of earning and did earn substantial compensation and fame." 4th Am. Compl. ¶ 305.

Contrary to Judge Francis' recommendation, dismissal of the first and fifth claims of breach is not warranted. As discussed in connection with Plaintiff's accounting claim above, the Court is satisfied that Plaintiff has alleged the Lius owed her a fiduciary duty as to the Fund. Additionally, it is clear from the pleadings that the alleged breaches (failure to account for the Fund and misappropriation of Fund assets) would cause economic injury to Plaintiff as the sole beneficiary of the Fund. Nor should these claims be dismissed as duplicative. Under New York law, claims for breach of fiduciary duty may be dismissed as duplicative, but only where identical claims and relief are sought under a theory of malpractice, *see Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 271 (N.Y. App. Div. 2004) ("a claim, premised on the same facts and seeking the identical relief sought in the legal malpractice cause of action, is redundant and should be dismissed"), or breach of contract. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 195 (S.D.N.Y. 2011) ("A cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand.") (citations and internal quotation marks omitted). Given that the accounting and misappropriation claims here sound in equity, rather than in malpractice or contract, R&R 27-28, they should not be dismissed as redundant. *Cf. Soley v. Wasserman*, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (holding that actions for equitable accounting and breach of fiduciary duty both survive motion to dismiss).

The Court agrees with Judge Francis that the third alleged breach (relating to gains

12

stemming from an alleged invasion of privacy) must be dismissed. The pleadings allege only in the most conclusory manner that the Lius owe Plaintiff a fiduciary responsibilities in connection with her name, portrait, picture, or voice. 4th Am. Compl. ¶¶ 181, 302. Any such duty is insufficiently pleaded under *Twombly* and *Iqbal*, and the Court will not impute one here. *See EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 20 (N.Y. 2005) ("If the parties ... do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them"). The Court also agrees with Judge Francis that the second and fourth alleged breaches must be dismissed. Plaintiff has not sufficiently alleged the existence of any duty requiring the Lius to "work out the specifics" of Time Warner's alleged agreement to secure Plaintiff's future. 4th Am. Compl. ¶ 168. As discussed above, there was no contract or enforceable promise between Time Warner and Plaintiff, and, in the absence of any such agreement, the Individual Defendants were under no duty to "follow through." *See id.* Likewise, Plaintiff's fourth allegation, based on the Lius alleged failure to register the Fund with the New York State Attorney General and the IRS, is insufficiently pleaded. Plaintiff has not alleged facts showing how the failure to register with the appropriate government agencies was a substantial factor in causing any identifiable loss. *Gibbs*, 271 A.D.2d at 188-89.

The Individual Defendants' motion to dismiss this claim is GRANTED only as to the allegations that the Lius (2) failed to follow through with financial plans with Time Warner, (3) failed to account for profits related to the alleged invasion of privacy, and (4) failed to register the Fund. As to the allegations that the Lius (1) failed to account for the Fund and (5) misappropriated of Fund assets, the Individual Defendants' motion to dismiss is DENIED.

13

E.  Breach of Fiduciary Duty Against Mo (Count Nine)

The Court agrees with Judge Francis that Plaintiff has failed to state a claim for breach of fiduciary duty by Mo. The threshold question is whether Mo and Plaintiff had an attorney-client relationship giving rise to a fiduciary duty. The Court agrees with Judge Francis that, in light of the allegations that Mo advised Plaintiff and held himself out as her attorney both in public and with legal and medical professionals, 4th Am. Compl. ¶¶ 105-110, Plaintiff has sufficiently alleged the existence of such a relationship. R&R 44-45; *see First Hawaiian Bank v. Russel & Volkening, Inc.*, 861 F. Supp. 233, 238 (S.D.N.Y. 1994) (identifying relevant factors, including "whether the attorney excluded the individual from some aspect of a litigation" and "whether the purported client believes that the attorney was representing him and whether this belief is reasonable"); *C.K. Indus. Corp. v. C.M. Indus. Corp.*, 213 A.D.2d 846, 848 (3d Dep't 1995) (looking to whether attorney, "either affirmatively or impliedly, led [the plaintiff] to believe that [the attorney] was acting on [the plaintiff's] behalf").

In the context of an action asserting breaches of fiduciary duty by an attorney, the claim is governed by the same standards of recovery as a claim of malpractice. *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1, 10 (N.Y. App. Div. 2008). Under New York law, "[r]ecovery for professional malpractice against an attorney requires proof of three elements: (1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages." *Id.* at 10 (citation and internal quotation marks omitted); *see also Kranis v. Scott*, 178 F. Supp. 2d 330, 334 (E.D.N.Y. 2002) (citations omitted). "To satisfy the element of proximate causation, a plaintiff must preliminarily plead and ultimately prove that 'but for' the attorney's malpractice, the client would have achieved a different result in the underlying transaction or would not have sustained any

14

ascertainable damages." *Mercantile Capital Partners Fund, LP v. Morrison Cohen LLP*, 19 Misc. 3d 1121(A), at *4 (N.Y. Sup. Ct. 2008) (citing *Hand v. Silberman*, 15 AD3d 167 (N.Y. App. Div. 2005). Plaintiff has identified several alleged failings by Mo, 4th Am. Compl. ¶ 311, but does not allege any causal relationship between this conduct and the conclusory assertion that Plaintiff "suffered economic loss." *Id.* at ¶ 312.

Plaintiff has not stated a valid cause of action for breach of fiduciary duty against Mo. The Individual Defendants' motion to dismiss this claim is GRANTED.

    F.   Defamation (Count Ten)

Plaintiff objects to Judge Francis' conclusion that an alleged statement by the Lius (accusing Plaintiff of seeking asylum in the United States) does not constitute defamation. Pl. Resp. 35-36; *see* 4th Am. Compl. ¶ 185(c). Plaintiff does not object to the recommended dismissal of the fourth statement.

"To state a claim for defamation under New York law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Group, Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). "Determining whether a statement is defamatory per se is a question of law for the Court." *Stern v. Cosby*, 645 F. Supp. 2d 258, 288 (S.D.N.Y. 2009). The four categories of statements that constitute defamation per se are statements: "(i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman." *Epifani v. Johnson*, 65 A.D.3d 224, 234 (N.Y. App. Div. 2009) (citation omitted). In addition, "statements that tend[] to expose a

15

person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number in the community are libelous per se." *Roth v. United Fed'n of Teachers*, 5 Misc. 3d 888, 893 (Sup. Ct. 2004) (citation and internal quotation marks omitted) (alteration in original); *see also Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) ("Challenged statements are not to be read in isolation, but must be perused as the average reader would against the 'whole apparent scope and intent' of the writing.") (citations omitted). To allege 'special damages,' an economic injury "must be fully and accurately identified, with sufficient particularity to identify actual losses." *Thai*, 726 F. Supp. 2d at 330 (citation omitted). "[T]he individuals 'who ceased to be customers, or who refused to purchase, must be named' and the exact damages itemized." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002) (quoting *Drug Research Corp. v. Curtis Publ'g Co.*, 7 N.Y.2d 435, 441–42 (N.Y.1960)).

Plaintiff argues that the statement that Plaintiff sought asylum, when understood in context, is defamatory and portrays her as a "traitor," stating "the closest analogy would be to falsely accuse Jane Fonda or a well-known U.S. senator having sought and applied for asylum in Vietnam during the 1960s." Pl. Resp. at 35. The alleged assertion does not fall into the four recognized exceptions constituting defamation per se. Furthermore, the Court cannot conclude, as a matter of law, that the average person hearing or reading the alleged communication would interpret the statement in this manner or form an aversion or unsavory opinion as a result of reading it. *See Roth*, 5 Misc. 3d at 893. With respect to 'special damages,' the operative complaint contains only the conclusory allegation that Plaintiff "has suffered, continues to suffer, and will continue to suffer loss of income." 4th Am. Compl. ¶ 318. Plaintiff has failed to identify specific opportunities or income sources that were withdrawn or otherwise negatively

16

impacted as a result of the alleged statement and, therefore, has not pleaded special damages.

As recommended by Judge Francis, the Individual Defendants' motion to dismiss the defamation claims is GRANTED only with respect to the statements set forth in the Fourth Amended Complaint, ¶ 185(c) & (d).

### G. Cyberharassment (Count Twelve)

The Court agrees with Judge Francis that Plaintiff has failed to state a claim for "cyberharassment" against the Lius or the unidentified "Doe" defendants. R&R 55-59.

Under New York law, "[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she . . . causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise . . . in a manner likely to cause annoyance or alarm." N.Y. Penal Law § 240.30. This statute has been held to pertain to messages sent to individuals over the Internet. *See Smith v. Smith*, 24 A.D.3d 822, 823 (N.Y. App. Div. 2005); *People v. Munn*, 179 Misc. 2d 903, 905 (Crim. Ct. 1999). Additionally, as Judge Francis noted, this statute implicates important First Amendment considerations and must be construed accordingly. *See, e.g., People v. Smith*, 89 Misc.2d 789, 792 (N.Y. App. Div. 1977); *People v. Bethea*, 1 Misc. 3d 909(A) (Bronx Crim. Ct. 2004) ("[I]t is simply not a crime merely to speak or write bad things about another person."). Finally, there is a split of authority as to whether New York recognizes a private cause of action for damages under this statute. *Compare, e.g., Blasetti v. Pietropolo*, 213 F. Supp. 2d 425, 428 & n.6 (S.D.N.Y. 2002) (recognizing a private right of action) *with Manko v. Volynsky*, No. 95 Civ. 2585, 1996 WL 243238, at *2 (S.D.N.Y. May 10, 1996) (no private right of action) and *Ralin v. City of New York*, 44 A.D.3d 838, 839 (2d Dep't 2007) (no cause of action for damages).

17

As recounted by Judge Francis, most of Plaintiff's cyberharassment allegations are conclusory paraphrasings of the statutory language. R&R 58, ECF No. 140. Moreover, by grouping the Lius and the numerous unidentified "Doe" defendants, Plaintiff fails to identify the perpetrators of the alleged threats and harassing remarks. *See* 4th Am. Compl. ¶ 326. Plaintiff has failed to allege the necessary elements of a harassment claim under the statute as to any of the defendants. *See Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012) ("While the federal rules do not require the particularized pleading requirements set forth in New York's C.P.L.R. section 3016, Rule 8 [of the Federal Rules of Civil Procedure] still requires that each pleading be specific enough to afford defendant sufficient notice of the communications complained of to enable him to defend himself.") (citation omitted).

Given Plaintiff's failure to state a claim, the Court need not address whether a private right of action exists under the statute. The Individual Defendants' motion to dismiss this claim is GRANTED.

## CONCLUSION

For the reasons stated above, the Individual Defendants' motion to dismiss is DENIED as to Counts Five and Six. The Individual Defendants' motion to dismiss Count Eight is DENIED only as to the allegations that the Lius (1) failed to account for the Fund and (5) misappropriated of Fund assets. In all other respects, Judge Francis' R&R is AFFIRMED.

SO ORDERED.

Dated: February 25, 2014
New York, New York

_____
ANALISA TORRES
United States District Judge

18