```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SANG LAN,                            :   11 Civ. 2870 (AT) (JCF)
                                     :
              Plaintiff,             :      MEMORANDUM
                                     :      AND  ORDER
                                     :
      - against -                    :
                                     :
TIME WARNER, INC.,KAO-SUNG LIU       :
A/K/A K.S. LIU, GINA HIU-HUNG LIU    :
A/K/A HUI-HUNG SIE A/K/A GINA LIU,   :
Individually and as Trustees or      :
Managers of Goodwill for Sang Lan    :
Fund, HUGH HU MO, DOES 1-30,         :
Unknown Defendants, Jointly and      :
Severally,                           :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiff in this case, Sang Lan, failed to appear for her scheduled deposition, having filed a "notice of voluntary dismissal" three days prior. She subsequently asked that I construe her notice as a motion for voluntary dismissal without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. In a report and recommendation issued on the same date as this order, I recommend that the plaintiff's motion be denied.[1] The defendants now move for terminating sanctions under Rule 37 of the Federal Rules of Civil Procedure in light of the plaintiff's

---

[1] As a detailed account of the facts relevant to this order appears in my report and recommendation regarding the plaintiff's motion, I do not repeat them here.

1

failure to appear for her deposition.  For the following reasons, monetary sanctions are granted, but terminating sanctions are denied.

Discussion

Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Such orders may include striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, entering judgment by default, and requiring the disobedient party or her attorney to pay the reasonable expenses caused by the failure.  Fed. R. Civ. P. 37(b)(2)(A), (C); Fed. R. Civ. P. 37(d)(3) (applying same possible sanctions to specific context in which party fails to attend its deposition); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanctions); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.").  Indeed, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in

2

discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106-07 (2d Cir. 2002); accord Hawley v. Mphasis Corp., 302 F.R.D. 37, 46 (S.D.N.Y. 2014).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988); accord Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010); Richardson v. New York City Health & Hospitals Corp., No. 05 Civ. 6278, 2007 WL 2597639, at *5 (S.D.N.Y. Aug. 31, 2007). Harsh sanctions such as default judgments are reserved for extreme situations. See Agiwal, 555 F.3d at 302; see also Shcherbakovkiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible

3

sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03); Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3963456, at *2 (S.D.N.Y. Aug. 1, 2013). None of these factors alone is dispositive. Securities and Exchange Commission v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party").

    A.   Willfulness

When evaluating willfulness, the court considers whether the order at issue was clear, whether the party to be sanctioned understood the order, and whether noncompliance was due to "factors beyond the party's control." See Davis v. Artuz, No. 96 Civ. 7699, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing Baba v. Japan Travel Bureau International, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996)). "[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal quotation marks omitted).

Here, my order was unequivocal: the plaintiff was to appear at her October 14, 2014 deposition, and was warned that "her failure to do so [would] result in sanctions under [Rule] 37." (Memorandum Endorsement dated Oct. 10, 2014, at 2). The plaintiff nonetheless

4

argues that her noncompliance was not willful, because once she filed the "notice of voluntary dismissal," the defendants "had no real expectation and had not demanded that she comply with the terms of the discovery order." (Plaintiff's Memorandum of Law in Response to Individual Defendants' Memorandum of Law in Support of Motion for Sanctions Pursuant to Rule 37 ("Pl. Memo.") at 29). This argument is unavailing for two reasons: first, because the plaintiff did not have the authority to dismiss the case without prejudice at this stage of the litigation (as she now recognizes (Pl. Memo at 11)), and second, because the defendants' expectations -- whatever they may have been -- did not excuse the plaintiff from her obligation to obey a court order. The text of Rule 41(a) of the Federal Rules of Civil Procedure makes clear that the plaintiff's notice of voluntary dismissal, inappropriately filed after the defendants had answered the complaint and without their consent, was legally ineffective and therefore could not trump my October 10 order. To the extent that the plaintiff claims that her noncompliance was "due to inability, and not to willfulness, bad faith, or any fault of the petitioner" (Pl. Memo. at 30 (internal quotation marks omitted)), her argument is foreclosed by my earlier finding that her present medical conditions do not prevent her from participating in a "deposition by videoconference, under supervision of the appropriate medical personnel." (Order dated

5

May 20, 2014). Accordingly, Ms. Lan's failure to comply with the order was willful.

### B. Efficacy of Lesser Sanctions

A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. See Hawley, 302 F.R.D. at 46; R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 24 (S.D.N.Y. 2010). Severe sanctions such as dismissal and default are to be applied sparingly, where no other sanction will suffice. See Agiwal, 555 F.3d at 302.

The defendants provide no support for their argument that lesser sanctions would be ineffective in this case. (Defendants' Memorandum of Law in Support of Their Motion for an Order Granting Sanctions Against Plaintiff Pursuant to Rule 37 ("Def. Memo.") at 12). The plaintiff has not previously been sanctioned, and it would be inappropriate to assume that a sanction less severe than dismissal of the complaint would be insufficient to obtain future compliance with court orders.

### C. Duration of Noncompliance

While the defendants accuse the plaintiff of ongoing uncooperativeness (Def. Memo. at 12), they do not point to any prior instances of noncompliance with court orders. To my knowledge, the plaintiff has complied with all other discovery orders issued by this Court. This factor therefore weighs against

severe sanctions.

    D.    <u>Notice of Possible Sanctions</u>

As mentioned, the October 10, 2014 order warned the plaintiff that she would be subject to Rule 37 sanctions if she failed to attend the October 14 deposition. (Memorandum Endorsement dated Oct. 10, 2014, at 2). This factor weighs in favor of sanctions.

    E.    <u>Appropriate Sanctions</u>

Based on the factors discussed above, monetary sanctions are appropriate and are the least harsh sanction that will remedy the violation and deter similar conduct in the future.

Where a party fails to comply with a court order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure." Fed. R. Civ. P. 37(b)(2)(C). This cost-shifting is mandatory "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Novak v. Wolpoff & Abramson LLP</u>, 536 F.3d 175, 178 (2d Cir. 2008) (per curiam) (noting that language of subsection "certainly suggests that an award of expenses in mandatory unless one of the two exceptions -- substantial justification or other circumstances -- applies"). The same rule applies when a party fails to attend its own deposition. Fed. R. Civ. P. 37(d)(3).

7

A party's conduct is substantially justified if "there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." Klein v. Torrey Point Group, LLC, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (internal quotation marks omitted). The noncompliant party bears the burden of showing that his failure to comply was justified or that an award of expenses would be unjust. See Novak, 536 F.3d at 178; accord John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014).

Given the clarity of my May 20 and October 10 orders and the text of Rule 41(a) of the Federal Rules of Civil Procedure (discussed above), the plaintiff's failure to attend her deposition was neither reasonable nor justified. Ms. Lan and her counsel are therefore jointly and severally liable for the reasonable expenses, including attorneys' fees, incurred by the defendants in scheduling and preparing for the plaintiff's deposition. The defendants are directed to file an attorney's affidavit setting forth the basis for costs and attorneys' fees, along with appropriate documentation, see New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983), within fourteen (14) days of the date of this order.

Conclusion

For the foregoing reasons, the defendants' motion for Rule 37 sanctions (Docket no. 206) is granted with respect to monetary sanctions and denied with respect to terminating sanctions.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          February 5, 2015

Copies mailed this date:

X. Bing Xu, Esq.
The Bing Law Firm
5705 Hansel Ave.
Orlando, FL 32809

Thomas L. Johnson, Esq.
The Law Office of Thomas Johnson, P.A.
510 Vonderburg Dr., Suite 309
Brandon, FL 33511

Hugh H. Mo, Esq.
Pedro Medina, Esq.
The Law Firm of Hugh H. Mo, PC
225 Broadway, Suite 2702
New York, New York  10007