```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SANG LAN,                             :   11 Civ. 2870 (AT) (JCF)
                                      :
              Plaintiff,              :        MEMORANDUM
                                      :        AND ORDER
                                      :
     - against -                      :
                                      :
TIME WARNER, INC.,KAO-SUNG LIU        :
A/K/A K.S. LIU, GINA HIU-HUNG LIU     :
A/K/A HUI-HUNG SIE A/K/A GINA LIU,    :
Individually and as Trustees or       :
Managers of Goodwill for Sang Lan     :
Fund, HUGH HU MO, DOES 1-30,          :
Unknown Defendants, Jointly and       :
Severally,                            :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In a Memorandum and Order dated February 5, 2015, I denied the defendants' motion for sanctions insofar as they sought an order dismissing the plaintiff's complaint as a sanction for her failure to attend her deposition. Sang Lan v. Time Warner, Inc., No. 11 Civ. 2870, 2015 WL 480378, at *3-4 (S.D.N.Y. Feb. 5, 2015) (the "Sanctions Order"). However, I granted the motion to the extent that I found the plaintiff and her counsel "jointly and severally liable for the reasonable expenses, including attorneys' fees, incurred by the defendants in scheduling and preparing for the plaintiff's deposition." Id. at *4. I then permitted defendants' counsel to submit an application for fees and costs, including

1

supporting documentation, and I gave the plaintiff an opportunity to respond.

The defendants have requested attorneys' fees of $44,932.50 and expenses of $405.00, for a total of $45,337.50. (Affidavit of Hugh H. Mo dated Feb. 17, 2015 ("Mo Aff."), ¶¶ 13, 16; Memorandum of Law in Support of Defendants Application for Attorney Fees and Costs ("Def. Memo.") at 12). The requested fees are based on work performed by two attorneys, Hugh H. Mo at a rate of $540.00 per hour and Pedro Medina at a rate of $382.50 per hour. (Mo Aff., ¶¶ 14-15). The plaintiff opposes the defendants' application on the grounds that (1) the defendants seek fees for work beyond the scope of the Sanctions Order (Plaintiff's Responses and Objections with Incorporated Memorandum of Law to Defendants' Affidavit for Costs and Attorneys' Fees Pursuant to Rule 37 ("Pl. Memo.") at 7-10); (2) the rates charged by defendants' counsel are unreasonable (Pl. Memo. at 10-16); (3) fees may not be awarded for work performed by Mr. Mo, as he is a party to the action (Pl. Memo. at 18-19); (4) the time records of defendants' counsel are vague and include duplicative work (Pl. Memo. at 19-23); (5) the records reflect "block billing" (Pl. Memo. at 23-24); and (6) the request for reimbursement of costs for an interpreter is not properly supported (Pl. Memo. at 26-27). I will address each argument in turn.

Discussion

A. Scope of the Sanctions Order

The plaintiff complains that the defendants' fee request encompasses "normal discovery work" that is "not related to the sanctioned conduct." (Pl. Memo. at 8). This is partly true. The purpose of cost-shifting here is to reimburse defendants for expenses they would not have incurred but for the plaintiff's last-minute cancellation of her deposition. Yet, defendants' counsel has billed for all of the time spent preparing for the deposition, including review of discovery materials and transcripts of a prior deposition. Much of this preparation will be useful whenever the plaintiff's deposition is taken. On the other hand, cancellation of the deposition means that defendants' counsel will have to repeat some of their preparation in advance of a rescheduled deposition. Therefore, the defendants shall be compensated for thirty percent of the time counsel devoted to deposition preparation.

Furthermore, some entries have nothing to do with the deposition, such as those related to the defendants' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Others relate to the deposition but not to its cancellation; for example, the application to exclude Ms. Lan's husband from the deposition would have been litigated regardless of

when the deposition took place. Under the Sanctions Order, no reimbursement is appropriate for such tasks.

    B. Reasonable Rates

Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted); see also Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009). It need not be the lowest possible rate, but, rather, must merely fall within a range of reasonableness. See, e.g., Carter v. City of Yonkers, 345 F. App'x 605, 608 (2d Cir. 2009) (noting district court awarding attorneys' fees should "consider[] the range of approved rates for attorneys doing comparable work" (emphasis added); Gonzalez v. Bratton, 147 F. Supp. 2d 180, 212 (S.D.N.Y. 2001) ("After examining recent fee awards in . . . cases in this District, the Court finds that these

4

rates fall within the <u>range</u> <u>of</u> <u>reason</u> . . . ." (emphasis added)), <u>aff'd</u> 48 F. App'x 363 (2d Cir. 2002). "[A]n attorney's customary rate is a significant factor in determining a reasonable rate. Indeed, as a logical matter, the amount actually paid to counsel by paying clients is compelling evidence of a reasonable market rate." <u>Reiter v. Metropolitan Transportation Authority of New York</u>, No. 01 Civ. 2762, 2004 WL 2072369, at *5 (S.D.N.Y. Sept. 10, 2004) (internal citations omitted). However, the court nevertheless has some responsibility to "disciplin[e] the market." <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 522 F.3d 182, 184 (2d Cir. 2008).

Here, the rates requested for Mr. Mo and Mr. Medina are well within the range of reasonableness. Mr. Mo was admitted to practice law in 1977. (Mo Aff., ¶ 14). He spent eight years as an Assistant District Attorney, followed by four years as Deputy Commissioner for Trials in the New York City Police Department. (Mo Aff., ¶ 14). Thereafter, he was Partner-in-Charge of the China Practice Group at the law firm of Whitman & Ransom for six years. (Mo Aff., ¶ 14). Since 1994, he has been principal of his own firm, which represents clients in corporate, commercial, criminal, investment, litigation, and real estate matters. (Mo Aff., ¶ 14). His normal billing rate is $1,000.00 per hour (Mo Aff., ¶ 14), and the hourly rate of $540.00 that he is charging in this case is

consistent with rates awarded in commercial cases to attorneys with similar experience. See Nautilus Neurosciences, Inc. v. Fares, No. 13 Civ. 1078, 2014 WL 1492481, at *2-3 (S.D.N.Y. April 16, 2014) (approving hourly rate of $603 for partner with roughly 20 years' experience in commercial case); Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co., No. 11 Civ. 4308, 2013 WL 6171660, at *2-3 (S.D.N.Y. Nov. 25, 2013) (approving hourly rates of $575-600 for partner with 30 years' experience); Merck Eprova AG v. Brookstone Pharmaceuticals, LLC, No. 09 Civ. 9684, 2013 WL 3146768, at *1 (S.D.N.Y. June 10, 2013) (approving hourly rates of $640 and $570 for partners). To be sure, the cited cases all involved partners at firms substantially larger than Mr. Mo's, but those courts also approved rates somewhat higher than what is being sought here.

   Mr. Medina is a senior associate who was admitted to practice in 1989. (Mo Aff., ¶ 15). Since then he has served as an Assistant Corporation Counsel for the City of New York, as an Assistant Attorney General in the Environmental Protection Bureau of the New York State Attorney General's Office, and as an associate at several law firms. (Mo Aff., ¶ 15). The rate of $382.50 that he is charging is consistent with that charged by attorneys with similar experience. See Nautilus Neurosciences, 2014 WL 1492481, at *2-3 (approving hourly rate of $337.50 for

associate with three years' experience); Canada Dry, 2013 WL 6171660, at *2-3 (approving hourly rates of $330-350 for fifth-year associate); Hallingby v. Hallingby, 741 F. Supp. 2d 466, 469 (S.D.N.Y. 2010) (approving hourly rate of $375 for associate).

    C. Mr. Mo as a Party

Relying on Ventura v. Sinha, No. 01 Civ. 434E, 2005 WL 1798629 (W.D.N.Y. July 27, 2005), and Pickholtz v. Rainbow Technologies, Inc., 284 F.3d 1365 (Fed. Cir. 2002), the plaintiff argues that, as an attorney appearing pro se, Mr. Mo is not entitled to recover attorneys' fees. (Pl. Memo. at 18-19). These cases are distinguishable from the scenario here. In Ventura, the plaintiff, a prison inmate, appears not to have been an attorney (though the two categories are not always exclusive), and so would not be entitled to compensation for his legal work under any circumstances. 2005 WL 1798629, at *1. And, in Pickholtz, while the pro se plaintiff was an attorney, he represented no one but himself. 284 F.3d at 1369. In this case, Mr. Mo is representing not only himself, but also Kao-Sung Liu and Gina Hiu-Hung Liu, and the work he performed in connection with the aborted deposition was for the benefit of all defendants. Therefore, the defendants are entitled to fees for his time. See Schneider v. Colegio de Abogados de Puerto Rico, 187 F.3d 30, 32 (1st Cir. 1999) (per curiam) (holding that prohibition against awarding fees to attorney

7

appearing pro se does not apply where attorney is also representing other parties); cf. Zalaski v. City of Hartford, 723 F.3d 382, 395 (2d Cir. 2013) (noting that 2d Circuit has not decided issue and declining to reach it).

    D. Vague Records and Duplicative Work

Notwithstanding the plaintiff's complaints, the time records of defendants' counsel are not unduly vague. "Although attorneys must record the general nature of their work, they need not include detailed descriptions of the exact work performed." Tran v. Tran, 166 F. Supp. 2d 793, 800 (S.D.N.Y. 2001). Here, even the entries containing less comprehensive explanations are fully understandable when read in the context of related entries. See Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 970 F. Supp. 333, 342 (S.D.N.Y. 1997) ("[W]here an attorney's time entries are vague, courts may attempt to decipher them by reference to 'the context in which these entries occur [to determine] what work was involved.'" (quoting Lenihan v. City of New York, 640 F. Supp. 822, 826 (S.D.N.Y. 1986))).

Nor do the records reveal significant duplication of effort. The fact that similarly worded entries appear on successive days hardly means that an attorney was repeating the same task; the more logical inference is that the task extended over more than one day. And, while Mr. Mo and Mr. Medina spent time coordinating their

efforts, that is not unreasonable. A reduction of attorneys' fees for duplication of effort is warranted only when attorneys are unreasonably doing the same work. See Rode v. Dellarciprete, 892 F.2d 1177, 1187 (3d Cir. 1990).

    E. Block Billing

Block billing can make it more difficult to determine the reasonableness of time expended. It is not, however, "automatically disfavored by courts in this district." Adusumelli v. Steiner, Nos. 08 Civ. 6932, 09 Civ. 4902, 10 Civ. 4549, 2013 WL 1285260, at *4 (S.D.N.Y. March 28, 2013) (internal quotation marks omitted). Rather, across-the-board reductions in fees awarded are "generally limited . . . to situations where there was evidence that the hours billed were independently unreasonable or that the block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate." Id. (internal quotation marks omitted).

Here, the block billing by defendants' counsel is somewhat problematic. Time spent reviewing documents in preparation for the deposition, which must be reduced for the reasons indicated above, is included in entries along with tasks that are wholly compensable, such as making the logistical arrangements for the deposition. I have used my judgment to allocate time entries between compensable and non-compensable tasks and, in light of the

block billing, I have exercised discretion in favor of the plaintiff in that allocation.

F. Calculation of Fees and Costs

Based on the determinations set out above and the time records provided by defendants' counsel (Mo Aff., Exhs. B-D), fees are awarded for the following time entries:

| DATE | HOURS ALLOWED | ATTORNEY | REASON FOR ANY REDUCTION |
|---|---|---|---|
| 6/4/14 | 2.8 | Medina | HJ[1] |
| 6/5/14 | 1.0 | Mo | |
| 6/5/14 | 2.85 | Medina | HJ |
| 6/6/14 | 0 | Medina | HJ |
| 6/12/14 | 2.65 | Medina | HJ |
| 6/13/14 | 1.5 | Mo | |
| 6/19/14 | 0 | Medina | HJ |
| 6/20/14 | 0.3 | Mo | |
| 9/10/14 | 0.25 | Medina | Rule 11 |
| 9/23/14 | 0.36 | Medina | Prep[2] |
| 9/24/14 | 2.55 | Medina | Prep |
| 9/25/14 | 3.1 | Medina | |
| 9/26/14 | 0.45 | Medina | Prep |
| 10/2/14 | 0.5 | Mo | |

---

[1] "HJ" refers to work done on the issue of whether the plaintiff's husband, Huang Jian, could attend the deposition.

[2] "Prep" refers to time spent in substantive preparation for the deposition.

10

| | | | |
|---|---|---|---|
| 10/2/14 | 0.5 | Medina | Prep |
| 10/3/14 | 1.5 | Mo | |
| 10/3/14 | 3.0 | Medina | Prep |
| 10/5/14 | 2.4 | Mo | Prep |
| 10/6/14 | 1.8 | Mo | Prep |
| 10/6/14 | 2.9 | Medina | |
| 10/7/14 | 0.15 | Mo | Prep |
| 10/7/14 | 0.93 | Medina | Prep |
| 10/8/14 | 0.15 | Mo | Prep |
| 10/8/14 | 1.32 | Medina | Prep |
| 10/9/14 | 0.5 | Mo | |
| 10/9/14 | 1.53 | Medina | Prep |
| 10/10/14 | 2.4 | Mo | Prep |
| 10/10/14 | 5.3 | Medina | |
| 10/11/14 | 3.0 | Mo | Prep |
| 10/11/14 | 1.98 | Medina | Prep |

Based on these entries, Mr. Mo performed 15.2 hours of compensable work at $540.00 per hour, for an award of $8,208.00. Mr. Medina performed 32.47 hours of compensable work at $382.50 per hour, for an award of $12,419.78. Thus, the total attorneys' fee award is $20,627.78.

G. Interpreter Fees

The cancellation fee charged by the professional interpreter equal to four and one-half hours of his time is patently reasonable given the failure to provide adequate notice that the plaintiff

11

would not appear. (Invoice, attached as Exh. E to Mo Aff.). The interpreter's hourly rate of $90.00 is likewise reasonable. Therefore, the expenses of $405.00 shall be reimbursed in full.

Conclusion

The inordinate time spent by counsel in litigating this fee issue is symptomatic of the waste of resources in this litigation. Based on reductions in the requested fees to reflect non-compensable time, the defendants are awarded $20,627.78 in attorneys' fees and $405.00 in expenses, for a total of $21,032.78.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          May 4, 2015

Copies transmitted this date:

X. Bing Xu, Esq.
The Bing Law Firm
5705 Hansel Ave.
Orlando, FL 32809

Thomas L. Johnson, Esq.
The Law Office of Thomas Johnson, P.A.
510 Vonderburg Dr., Suite 309
Brandon, FL 33511

Hugh H. Mo, Esq.
Pedro Medina, Esq.
The Law Firm of Hugh H. Mo, PC
225 Broadway, Suite 2702
New York, New York  10007