USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANG LAN,

                Plaintiff,

-against-

TIME WARNER, INC., KAO-SUNG LIU A/K/A K.S. LIU, GINA HIU-HUNG LIU A/K/A HUI-HUNG SIE A/K/A GINA LIU, Individually and as Trustees or Managers of Goodwill for Sang Lan Fund, HUGH HU MO, JOHN AND JANE DOES 1–30, Unknown Defendants, Jointly and Severally,

                Defendants.

11 Civ. 2870 (AT) (JCF)

**MEMORANDUM AND ORDER**

ANALISA TORRES, District Judge:

On October 11, 2014, three days before her scheduled deposition, Plaintiff, Sang Lan, filed a notice of voluntary dismissal without prejudice. ECF No. 201. On November 10, 2014, Plaintiff requested that her notice of voluntary dismissal be treated as a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 209. Before the Court is the Report and Recommendation (the "R & R") of the Honorable James C. Francis IV, which recommends that Plaintiff's motion be denied. ECF No. 215. Plaintiff timely objected to the R & R. ECF No. 223. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

### I.   Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a "party makes only conclusory

---

[1] The Court presumes familiarity with the facts of the case, as detailed in the R & R, *see* R & R 1-5, and, therefore, does not summarize them here.

or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Rivera v. Colvin*, 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014) (internal quotation marks and citation omitted); *see also Olorode v. Streamingedge, Inc.*, 11 Civ. 6934, 2014 WL 3974581, at *1 (S.D.N.Y. Aug. 13, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. Analysis

Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has answered, absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Voluntary dismissal without prejudice is "not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). However, "the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *S.E.C. v. Compania Internacional Financiera S.A.*, 11 Civ. 4904, 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) (internal quotation marks and citation omitted). Ultimately, a dismissal pursuant to Rule 41(a)(2) is left to the sound discretion of the district court. *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

In *Zagano v. Fordham University*, the Second Circuit identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted: (1) the plaintiff's diligence in bringing the motion, (2) any "undue vexatiousness" on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's effort and expense

in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. 900 F.2d at 14. Plaintiff contends that Judge Francis erroneously applied the *Zagano* factors and specifically challenges Judge Francis' analysis as to (1) Plaintiff's diligence in bringing her motion, (2) Plaintiff's undue vexatiousness, and (3) the adequacy of Plaintiff's explanation. Pl. Obj. 9-16, ECF No. 223. The Court addresses each factor in turn.

A. Plaintiff's Diligence in Bringing Her Motion

Plaintiff raises two objections to Judge Francis' determination that Plaintiff did not diligently bring her notice of voluntary dismissal. *Id.* 9-12. First, Plaintiff argues that her decision to file the notice on October 11, 2014, was rational and diligent in light of the medical complications she continued to experience following the April 2014 birth of her child. *Id.* 11. Second, Plaintiff contends that Defendants, not Plaintiff, are to blame for the "discovery issues" and "repeated efforts to schedule [Plaintiff's] deposition" cited by Judge Francis in finding that Plaintiff was not diligent. *Id.* 9-11; R & R 8.

After careful consideration, the Court finds Plaintiff's objections unpersuasive. Although Plaintiff alleges that her poor health following the April 2014 birth of her child made her unable to continue the litigation, she inexplicably waited six months after the birth, until a mere three days before her deposition was to take place, to file her notice of voluntary dismissal. For several of those months, "numerous discovery issues were litigated, documents were produced, and repeated efforts to schedule Ms. Lan's deposition were made." R & R 8. Not until October 2014, with the October 31 fact discovery deadline looming, did Plaintiff "abruptly attempt to pull the plug." *Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, 03 Civ. 9623, 2005 WL 578916, at *5 (S.D.N.Y. Mar. 11, 2005). Just a month earlier, in September 2014, Plaintiff had offered

3

dates, including October 14, 2014, for her deposition. Pl. Obj. 6. Only when the deposition was three days away, and Plaintiff was faced with Judge Francis' October 10, 2014, order that she appear for her deposition, did Plaintiff seek dismissal without prejudice. Further, she did so without obtaining leave of the Court or providing any notice to the Defendants that she was intending to do so. The Court thus concludes that Plaintiff's motion to voluntarily dismiss without prejudice was not diligently made. *See United States v. Any and All Funds on deposit at JPMorgan Chase*, 12 Civ. 7530, 2013 WL 5511348, at *2 (S.D.N.Y. Oct. 2, 2013) (quoting *Ascentive, LLC v. Opinion Corp.*, 10 Civ. 4433, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012)) ("A better measure of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action."); *cf. Shah v. RBC Capital Markets Corp.*, 10 Civ. 7672, 2011 WL 2638139, at *2 (S.D.N.Y. July 5, 2011) (finding plaintiff diligent in bringing her motion for voluntary dismissal without prejudice where motion was brought two weeks after she began experiencing complications with her pregnancy and before she served any interrogatories, and where there was "no evidence that she encouraged [defendant] to take discovery while having no intention of pursuing this litigation.").

Moreover, the record belies Plaintiff's contention that Defendants are to blame for the "discovery issues" and "repeated efforts to schedule [Plaintiff's] deposition" cited by Judge Francis in finding that Plaintiff was not diligent. Pl. Obj. 9-11; R & R 8. Defendants initially noticed Plaintiff's deposition for June 27, 2014. On May 20, 2014, Judge Francis found that Plaintiff's medical conditions did not prevent her from participating in a "deposition by videoconference, under supervision of the appropriate medical personnel," and directed Plaintiff to proceed with discovery. ECF No. 172. Due to defects in discovery produced by Plaintiff,

4

however, Defendants canceled the June 2014 deposition, believing they would be unable to conduct a meaningful deposition of Plaintiff. October 24, 2014 Mo Decl. ¶ 16, ECF No. 208. Judge Francis then ordered Plaintiff to address these discovery deficiencies by providing amended answers to Defendants' interrogatories and document requests. R & R 3; November 17, 2014 Mo Decl. ¶¶ 15-17, ECF No. 213. To give Defendants time to review Plaintiff's amended productions, Judge Francis also extended the discovery deadline from August 29, 2014, to October 31, 2014. *Id.*

Between October 2 and 8, 2014, with the October 31 fact discovery deadline looming, Defendants made several attempts to confirm with Plaintiff that she would appear for her videoconference deposition on October 14, 2014. R & R 4. Plaintiff's counsel had previously represented that this date was available for the deposition. Pl. Obj. 6. Receiving no response or proposals for alternative dates from Plaintiff, on October 9, 2014, Defendants requested, and the Court granted, an order that Plaintiff appear for her deposition on October 14. ECF No. 200.

On this record, the Court rejects Plaintiff's contention that Defendants are to blame for the discovery and scheduling issues preceding her notice of dismissal, and affirms Judge Francis' determination that Plaintiff's motion was not diligently made.

B. Undue Vexatiousness

Plaintiff also takes issue with Judge Francis' finding that she demonstrated undue vexatiousness in filing the motion. R & R 9-10. Courts define "undue vexatiousness" to mean that the plaintiff acted with "ill-motive" in bringing or maintaining her claims. *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 05 Civ. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). "As with the diligence factor, courts find 'ill-motive' where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal."

5

*Id.* (citation omitted). Courts find ill-motive where, for example, the plaintiff "never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them." *S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 271 (S.D.N.Y. 1998).

Plaintiff claims she did not act with ill-motive because she was still suffering from health complications in October 2014, and is now willing to proceed with discovery after "merely want[ing] time to [recover]." Pl. Obj. 12-13. The Court finds Plaintiff's argument unpersuasive and agrees with Judge Francis, for much of the same reasons discussed above, that Plaintiff exhibited undue vexatiousness in the filing of this motion. As Judge Francis noted, "despite the plaintiff's months-long awareness of both her medical condition and the Court's order that her deposition go forward, she waited until the week of her deposition to move for dismissal." R & R 9-10; *see S.E.C. v. Oakford Corp.*, 181 F.R.D. at 271 ("Only after the [] defendants had filed their Answers and prepared their responses to the [plaintiff's] own discovery requests did the [plaintiff], facing the scheduled deadline for furnishing its own discovery to those defendants, turn about and bring the instant motion. It follows that the [plaintiff] not only failed to act with diligence but also engaged in 'undue vexatiousness.'"). In addition, Plaintiff filed her notice abruptly and unilaterally, without obtaining leave of the Court or providing any notice to the Defendants that she was intending to do so. *See Pac. Elec. Wire & Cable Co.*, 2005 WL 578916, at *5 (finding vexatiousness where plaintiffs "unilaterally and abruptly" canceled depositions, and noting that, "[a]s a general rule, it is good form for attorneys to contact the Court before disregarding one of its directives."). Such behavior weighs against dismissing without prejudice.

6

C.  Adequacy of Plaintiff's Explanation

Finally, Plaintiff objects to the R & R's conclusion that she provided an inadequate explanation for seeking to voluntarily dismiss the action without prejudice. Specifically, Plaintiff objects to Judge Francis' finding that she did not allege that her condition had worsened since his May 20, 2014, order.[2]  R & R 11.  Plaintiff contends that, to the contrary, her doctor, Dr. Zhenxing Sun, "drew a different conclusion," in his declaration filed with the Court in October 2014.[3]  Pl. Obj. 14.  However, though she claims that Dr. Sun's declaration shows that her medical condition "had, in fact, deteriorated," *id.*, she provides no citation to the declaration; a review of the declaration suggests why:  nowhere in it is there any indication that Plaintiff's condition "had, in fact, deteriorated."  At most, the declaration attests that, from May 2014 to the date of the declaration, Plaintiff's medical condition had been "unstable." Sun Decl. ¶ 6.  The full record before the Court likewise offers no indication that Plaintiff advised the Court or Defendants at any point after Judge Francis' May 20, 2014, order that her medical condition was worsening.  Plaintiff has therefore offered no satisfactory explanation for why she abruptly moved on October 11, 2014—six months after the April 2014 birth of her child, and four months after Judge Francis found that her medical condition did not prevent her from proceeding with discovery—to have her claims voluntarily dismissed without prejudice.

Plaintiff also specifically objects to Judge Francis' finding that she did not deny Defendants' claim that she continued to make media appearances.  R & R 11.  Plaintiff contends that Defendants' "allegations of numerous public media appearances" refer only to "a single media event, a brief meeting with some reporters in the maternity room of her hospital, which

---

[2] In this order, Judge Francis found that Plaintiff's medical conditions did not prevent her from participating in a "deposition by videoconference, under supervision of the appropriate medical personnel," and directed Plaintiff to proceed with discovery.  ECF No. 172.

[3] The Declaration of Zhenxing Sun, M.D. in Support of Plaintiff's Memorandum of Law in Response to Defendants' Motion for Sanctions ("Sun Decl."), was actually filed with the Court on November 10, 2014.  *See* ECF No. 211.

7

lasted less than twenty (20) minutes. There neither was—nor is there evidence of—any other public appearances during the relevant time period." Pl. Obj. 15-16. However, Defendants have provided a "chronological listing of Plaintiff's media appearances from April 13, 2014 to October 10, 2014 and photographs depicting Plaintiff at these events" that appear to indicate otherwise. November 17, 2014 Mo Decl. ¶ 24; Ex. DD, ECF No. 213-30. Although it is unclear to the Court whether the dates of the media coverage in this list reflect the actual date footage of Plaintiff was taken—and not, for example, the date the coverage was aired—the Court finds that, regardless of whether Plaintiff appeared at one "brief meeting with some reporters" or at "numerous public media appearances," for the reasons stated above, Plaintiff's explanation for why she waited until October 11, 2014, to move for voluntary dismissal without prejudice remains inadequate.

## CONCLUSION

For the reasons stated above, the Court accepts in full Magistrate Judge Francis' Report and Recommendation, and rejects Plaintiff's objections pursuant to Rule 72 of the Federal Rules of Civil Procedure. Plaintiff's request for voluntary dismissal without prejudice is DENIED.

The Clerk of Court is directed to reopen the case.

SO ORDERED.

Dated: February 9, 2016
New York, New York

_____
ANALISA TORRES
United States District Judge